The Honorable Mike Burris State Representative 2911 Dyer Street Malvern, AR 72104
Dear Representative Burris:
I am writing in response to your request for an opinion on the following:
 I have been asked by one of my constituents to address a question to you as to the application of Arkansas Code Annotated sec. 5-65-115. It is my understanding, based on the data included in the letter from my constituent, that any person whose driver's license is suspended or revoked for violating Arkansas Code Annotated sec. 5-65-103
(driving while intoxicated) is required to complete an alcohol education program or alcoholism treatment program as set out in Arkansas Code Annotated sec. 5-65-115.
 Also, my constituent states in her correspondence that the Arkansas Department of Health and Human Services (DHHS), Bureau of Alcohol and Drug Abuse Prevention, generally enters into a contract with a provider for this type of service and courts generally order the offenders to the program with which DHHS has its contract. However, the question we need answered is regards whether when a court orders a person to complete an alcohol education program or alcoholism treatment program pursuant to Arkansas Code Annotated sec. 5-65-115, must a court order him/her to a program that has a contract with the state of Arkansas for this service? Or, is it within the court's discretion and authority to order him/her to another, independent, service provider which does not have a contract with the State, and require that the fees for the program be paid directly by the offender to the provider?
RESPONSE
In my opinion, a judge may only order an offender to an "approved" alcohol education program, one that is under contract through the Bureau of Alcohol and Drug Abuse Prevention ("ADAP") of the Department of Health Human Services ("DHHS") or to an "approved" alcoholism treatment program, one that is licensed under the Alcohol and Drug Abuse Prevention Licensure Standardsfor Alcohol and/or Other Drug Abuse Treatment Programs
("Licensure Standards"). A court would likely defer to the ADAP interpretation of "approved by" under the rules of statutory construction and the ADAP requirement that an "approved" program be a program that is under contract is not clearly against the language of the statute. Furthermore, state law mandates that each alcoholism treatment program or alcohol education program remit all fees to ADAP. Obviously, this requirement implies some kind of contractual relationship between the State and the provider.
Arkansas Code Annotated § 5-65-115 provides in pertinent part:
 (a)(1) Any person whose driving privileges are suspended or revoked for violating § 5-65-103 is required to complete an alcohol education program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health and Human Services or a program required under § 5-65-104(b)(1), in addition to the penalty provided by law.
Id. Arkansas Code Annotated § 5-65-104(b)(1) provides in pertinent part:
 (A) Any person whose license is suspended or revoked pursuant to this section is required to complete an alcohol education program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Division of Health of the Department of Health and Human Services unless the charges are dismissed or the person is acquitted of the charges upon which the suspension or revocation is based.
Id.
The answer to your question turns on the meaning of the phrase "approved by" in the above statutes. The Licensure Standards require that all alcoholism treatment programs be "licensed" by the ADAP. Licensure Standards at 4. It is my understanding that for alcohol education programs ADAP interprets "approved by" to mean that the program must have a contract with ADAP and DHHS.
A statute is read first for its plain and ordinary meaning.Health Facilities Management Corp. v. Hughes, ___ Ark. ___, ___ S.W.3d ___ (Feb. 9, 2006). If the language used is plain and unambiguous, there is no need for a court to resort to rules of statutory construction. Id. Furthermore, an administrative agency's interpretation of the relevant statute is highly persuasive. See, e.g., Dep't of Human Services v. Parker,
___ Ark. ___, ___ S.W.3d ___ (Nov. 3, 2004). Such an administrative interpretation will not be disregarded unless the interpretation is clearly wrong. Ark. Soil Water Consv. Comm'n v.Bentonville, 351 Ark. 289, 92 S.W.3d 47 (2002); see alsoSouthwestern Bell Corp. v. Ark. Employment Security Department,
___ Ark. App. ___, ___ S.W.3d ___ (Nov. 30, 2005). The plain and ordinary meaning of "approve" is "to give formal sanction to; to confirm authoritatively[.]" Black's Law Dictionary 111 (8th
ed. 2004).
My immediate predecessor noted that the alcohol education programs and the alcoholism treatment programs are distinct programs. Op. Att'y Gen. 2002-121. As stated in the Licensure Standards, "[l]icensure is required of any individual, partnership, association or corporation operating or seeking to operate an alcohol . . . treatment program in the state of Arkansas." Id. at 4. With respect to alcohol education programs it is my understanding that ADAP currently interprets "approved by" in the applicable statutory language as meaning that the education program has a contract with the State to provide these services.
In my opinion, the interpretation by ADAP is not clearly wrong. The plain and ordinary meaning of "approve" includes a formal or official component. The formal licensure standards for alcoholism treatment programs clearly signify "approval" with respect to those programs. With respect to an alcohol education program, a contractual relationship would be indicative of a formal sanction or definitive confirmation of acceptance. The General Assembly specified that all alcohol education programs used under A.C.A. §§ 5-64-104 5-64-115 be "approved" by ADAP. That "approval" is given in the form of a contract. This is not a clearly wrong interpretation of the statutes on ADAP's part. Therefore, in response to your specific question in your request for an opinion, a judge may only order completion of "approved" alcohol education programs and may not divert an offender to an alcohol education program that is not under contract with DHHS.
This interpretation is further supported by A.C.A. § 5-65-115(e) (Repl. 2005). All fees imposed under A.C.A. § 5-65-115 by an alcohol education program or an alcoholism treatment program must be remitted by the programs to ADAP. Id. An alcoholism treatment program or an alcohol education program may only charge the amount authorized by statute, currently set at up to one hundred and twenty-five dollars ($125) for the "program fee" as well as a twenty-five dollar ($25) administrative fee per A.C.A. § 5-65-115(a)(2). See also Op. Att'y Gen. 2000-016. With fees collected being remitted to the State, a contractual relationship regarding how the respective programs are paid would appear necessary.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh